UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELLY DEPHINO and SERGIO
DEPHINO,

      Plaintiffs,

v.                                  Case No:  2:16-cv-838-FtM-38CM

MICHELE BELMONTE and JEREMY
BELMONTE,

      Defendants.

_____/

**<u>ORDER</u>**[1]

      This matter comes before the Court upon *sua sponte* review of *pro se* Defendants Michele Belmonte and Jeremy Belmonte's Notice of Removal.  (Doc. #1).  Last month, Plaintiffs Kelly Dephino and Sergio Dephino filed a Complaint for Tenant Eviction against Defendants in the County Court of Collier County.  (Doc. #2).  Defendants timely removed the case to this Court, citing federal question as the basis for subject matter jurisdiction. (Doc. #1).  For the reasons that follow, the Court remands this case.

      "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "[A] federal court is obligated to inquire into subject matter jurisdiction

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "A federal district court must therefore remand to state court any case that was removed without . . . the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999); *see also Yusefzadeh v. Nelson, Mullins, Riley & Scarbrorough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (noting that a district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction). "Removal jurisdiction is limited through strict construction of the removal statutes." *Estate of Ayres,* 48 F. Supp. 2d at 1340. "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted).

Removal permits a defendant to move a case from a state trial court to a federal district court. *See* 28 U.S.C. § 1441 (governing removal), 28 U.S.C. § 1446 (establishing the procedure for accomplishing removal). Removal is permissible only when at least one claim filed by the plaintiff falls within the original subject matter jurisdiction of the federal district court. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430 (1999). The party seeking removal must meet the burden of satisfying the jurisdictional requirements for removal. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Section 1441 authorizes a defendant to remove any cause of action based on "the Constitution, laws, or treaties of the United States," if the federal court has original jurisdiction over the claim. 28 U.S.C. § 1331. The basis for removal of a federal question claim must appear on the face of well-pleaded complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). However, "a defendant cannot remove on the basis of federal defense." *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998). It is also possible that a

federal question will be found in the complaint if the plaintiff alleges a state-law claim that (1) raises a significant federal issue; (2) that will actually be disputed in the case; and (3) the district court's jurisdiction will not disturb a "congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

This is an action to evict Defendants from a residential property.  (Doc. #1). Plaintiffs allege that Defendants owe them $5,050.00 in unpaid rent, and thus demand judgment for possession of the premises, costs, and attorney's fees under Florida law. Defendants characterize this suit, however, as a discrimination matter under "the Civil Rights Act of 1968." (Doc. #1 at ¶ 6).  Nevertheless, under the standards set forth above, this is unequivocally a state law landlord-tenant eviction matter for which this Court lacks the jurisdiction to hear.  Consequently, this case must be remanded to state court.

Accordingly, it is now **ORDERED:**

(1) The above-captioned case is **REMANDED** to the County Court of Collier County, Florida.  The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

(2) The Clerk is further **DIRECTED** to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3